**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-10557

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

GILBERTO CHINEAG,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:01-cr-00607-RAR-1

————————————————

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Gilberto Chineag appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We affirm.

## I.

In June 2001, Chineag and two associates met with an undercover police officer posing as a disgruntled drug courier to plan a home invasion robbery of a cocaine supplier. Chineag told the undercover officer that he would pose as a federal agent during the robbery. On the day the robbery was to take place, he brought a fully loaded .38 Colt revolver and met with undercover officers and his associates at a "staging area," where he was arrested.

Based on his participation in the scheme, Chineag was convicted of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A) (Count 2); and conspiracy to carry a firearm during and in relation to both Count 1 and Count 2, in violation of 18 U.S.C. § 924(c)(1)(A) & (o) (Count 3). At the time, the statutory minimum penalty for Count 2 was life in prison for offenders like Chineag who had two or more prior convictions for felony drug offenses. 21 U.S.C. § 841(b)(1)(A) (2001). The district court sentenced him to life in prison on Count 2 and 240 months in prison on Counts 1 and 3, all running concurrently.

Twenty-two years later, Chineag filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). He argued that he could show "extraordinary and compelling reasons" for a reduction under the statute based on his age and health conditions, the amount of time served on his sentence, changes in the law that meant offenders with his criminal history were no longer subject

to a mandatory life sentence, the circumstances of his offense, his rehabilitation in prison, and other factors. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(b)(2), (b)(5)–(6).

The district court denied Chineag's motion on the ground that he did not meet the criteria for a sentence reduction under § 3582(c)(1)(A)(i). This appeal followed.

## II.

We review a district court's determination whether a prisoner is eligible for a sentence reduction under § 3582(c)(1)(A) de novo. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

## III.

Under what is commonly known as the "compassionate release" statute, a district court may reduce a federal prisoner's sentence if "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has issued an applicable policy statement describing six categories of reasons that should be considered "extraordinary and compelling" under the statute: (1) specified medical circumstances; (2) old age with deteriorating health; (3) qualifying family circumstances; (4) abuse suffered in prison; (5) other reasons "similar in gravity to those described in paragraphs (1) through (4)"; or (6) an "unusually long sentence" and a change in the law that produces a "gross disparity"

between the prisoner's sentence and the sentence likely to be imposed for the same offense at the time the motion for sentence reduction is filed. U.S.S.G. § 1B1.13(b)(1)–(6).

On appeal, Chineag argues that he was eligible for a sentence reduction under § 3582(c)(1)(A) because he demonstrated extraordinary and compelling reasons as described in three provisions of the Commission's policy statement: § 1B1.13(b)(2) (age), (b)(5) ("other reasons"), and (b)(6) (an unusually long sentence and change in the law). We consider each provision in turn.

### A.

Section 1B1.13(b)(2) of the United States Sentencing Guidelines provides that a defendant can show age-related "extraordinary and compelling reasons" for a § 3582(c)(1)(A) sentence reduction if he is at least 65 years old, is "experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Chineag was 80 years old and had served more than 20 years of his prison sentence when he filed his motion in 2024, so the pivotal question is whether he showed that he was experiencing a "serious deterioration" in his health "because of the aging process." He did not.

Chineag claimed that he had "heart problems"—specifically, sinoatrial node dysfunction—high blood pressure, and high cholesterol. He did not submit current medical records but referred to records provided in 2021 with an earlier motion, some of which he

25-10557                Opinion of the Court                    5

reattached.  Those records included an email from the prison medical director indicating that at the time, Chineag had high blood pressure, anemia, degenerative disc disease, and esophageal reflux. The medical records included notes from an April 2020 medical visit with physical and neurological exam results that were normal except for high blood pressure controlled with low-dose medication and esophageal reflux for which medication was prescribed at that visit.  The medical records also showed that Chineag had other complaints and diagnoses at various times between 2010 and 2020, most of which had resolved or were in remission.  His heart condition, sinoatrial node dysfunction, was reported to be in remission as of August 2018.[1]

These records did not indicate that Chineag was experiencing "serious deterioration" in his mental or physical health, or that his health was deteriorating "because of the aging process."  To the contrary, he complained of fewer ongoing health problems in his 2024 motion than were identified by the prison medical director three years earlier.  The district court did not err in determining that Chineag had not demonstrated age-related extraordinary and compelling reasons for a sentence reduction as described in § 1B1.13(b)(2).

---

[1] The district court denied Chineag's 2021 motion for age-related compassionate release based on the same records, concluding (as we do now) that they did not demonstrate serious deterioration in his physical or mental health caused by the aging process, and that § 1B1.13 did not support early release for advanced age alone.

## B.

Chineag also contends that he is eligible for a sentence reduction under the "catch-all" provision of the policy statement, § 1B1.13(b)(5). The catch-all provision allows a prisoner to show "extraordinary and compelling reasons" warranting a reduction by presenting "any other circumstance or combination of circumstances" that, alone or combined with the reasons described in subsections (b)(1) through (b)(4) of § 1B1.13, are "similar in gravity" to the reasons in those subsections. Subsections (b)(1) through (b)(4) state that extraordinary and compelling reasons for a sentence reduction exist if the prisoner (1) is suffering from a serious medical condition such as a terminal illness, a serious functional or cognitive impairment, or a similarly serious condition that cannot be adequately addressed in prison; (2) is 65 years old or older, has completed at least 10 years or 75% of his sentence, and is experiencing serious mental or physical deterioration because of the aging process; (3) is the only available caregiver for an immediate family member who is a minor child or an incapacitated adult; or (4) was a victim while in custody of sexual abuse or physical abuse committed by or at the direction of a prison employee.

Chineag argues that the following circumstances, considered together, meet the requirements of the catch-all provision: (1) his age, health, and time served, as discussed above; (2) that his conviction arose from a "reverse sting" operation; (3) his nonviolent criminal history; (4) that, after 20-plus years in prison, his past crimes are no longer recent and he is no longer on probation for a previous offense, so "recency" and "status" points would not be

added to his criminal history score if calculated today; (5) his relatively minor role in the offense; and (6) that a codefendant who was a leader and organizer in the scheme had his sentence reduced to 240 months for unspecified reasons. But he does not explain how any of these factors (or any combination of them) is "extraordinary" or as serious as the circumstances described in § 1B1.13(b)(1)–(4).

We have already discussed that Chineag's health conditions do not meet the requirements for an age-related reduction under § 1B1.13(b)(2). Reverse sting operations are far from extraordinary, even if, as Chineag contends, some consider them to be unfair. *See United States v. Ciszkowski*, 492 F.3d 1264, 1271 (11th Cir. 2007) ("reverse sting operations are recognized and useful methods of law enforcement investigation"). His criminal history, though nonviolent, includes several felony drug, firearm, and grand theft forged-check offenses. And neither the passage of time since his conviction, his role in the conspiracy, nor his codefendant's sentence reduction amount to extraordinary circumstances or have the same gravity as a terminal illness, the incapacitation of a family member, or sexual or physical abuse in prison. *See* U.S.S.G. § 1B1.13(b)(1), (b)(3)–(4). The district court did not err in determining that Chineag had not shown extraordinary and compelling reasons for a sentence reduction under the catch-all provision, § 1B1.13(b)(5).

## C.

Last, Chineag argues that he is eligible for a sentence reduction under § 1B1.13(b)(6) of the Sentencing Commission's policy

8                      Opinion of the Court                    25-10557

statement.  That subsection provides that if a defendant received an "unusually long sentence" and has served at least 10 years of that sentence, the district court may consider a change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" in determining whether "extraordinary and compelling reasons" exist warranting a sentence reduction under § 3582(c)(1)(A)(i).  Chineag argues that his life sentence was unusually long, and that nonretroactive changes in the Controlled Substances Act mean that he would no longer be subject to a mandatory minimum life sentence if he were sentenced today.  Today, the statutory minimum sentence would drop to 10 years in prison, and according to Chineag's calculations, his Sentencing Guidelines range would be 262–327 months.

Chineag's argument for a sentence reduction based on § 1B1.13(b)(6) is foreclosed by the Supreme Court's recent decision in *Rutherford v. United States*.  *Rutherford* held that § 1B1.13(b)(6) is invalid when based on a nonretroactive change in statutory sentencing law: "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction" under § 3582(c)(1)(A)(i).  146 S. Ct. 1320, 1330, 1335 (2026).  This is because "nonretroactive amendments are the norm"—typically, "statutory changes to federal penalties only benefit *future* offenders."  *Id.* at 1330 (emphasis in the original, quotation omitted).

25-10557              Opinion of the Court                    9

The change in the law that Chineag relies on is no different. More than 15 years after he was convicted, Congress amended the Controlled Substances Act to change the kinds of prior offenses that would trigger an enhanced penalty under 21 U.S.C. § 841(b)(1)(A). *See* First Step Act of 2018, Pub. L. No. 115–391, § 401(a), 132 Stat. 5194, 5220–21. After the change, Chineag's prior felony drug possession convictions would not trigger a higher statutory penalty, effectively reducing the minimum sentence for a defendant with his criminal history from life in prison to 10 years. *See id*. But Congress did not make that change retroactive to defendants who were sentenced before the amendment. *See id*. § 401(c). The disparity between Chineag's sentence and the sentence he likely would receive today "is an unexceptional feature of a system in which nonretroactivity is the default"; it cannot make him eligible for compassionate release. *Rutherford*, 146 S. Ct. at 1330, 1335.

## IV.

The district court did not err in determining that Chineag was not eligible for a sentence reduction under § 3582(c)(1)(A)(i) because he had not shown that "extraordinary and compelling reasons" warranted a reduction within the meaning of the statute. We therefore affirm.

**AFFIRMED.**